**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MICHAEL J. CRONIN,**

    **Plaintiff,**

**-vs-**                 **Case No. 6:10-cv-1765-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

_____

# Memorandum Opinion & Order

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for disability insurance benefits and a period of disability under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED**.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed for a period of disability and disability insurance benefits on February 14, 2002; Plaintiff apparently was previously awarded a closed period of disability that ended in May 2001. R. 56-58, 313. Plaintiff alleged an onset of disability on July 1, 2001, due to heart disease, herniated

discs in the lower back, degenerative disc disease and carpal tunnel syndrome. R. 56, 71. His application was denied initially and upon reconsideration. R. 4-6. Following a hearing on February 17, 2004, Plaintiff was first found not disabled by Administrative Law Judge David G. Danziger as and a denial of benefits was issued on August 5, 2004. R. 13-22. Following Plaintiff's appeal to the Middle District of Florida[1], on January 11, 2007, the Court granted the Commissioner's unopposed motion for remand and sent the case back to the Commissioner for further proceedings. R. 327-30. On February 6, 2007, the Appeals Council remanded the case to an ALJ for proceedings consistent with the Court's order of remand. R. 330-35. The Court's order of remand required: (1) reevaluate Plaintiff's residual functional capacity assessment, and include all non-exertional limitations demonstrated in the record or provide rationale for rejecting them in accordance with Eleventh Circuit law and Social Security regulations; (2) obtain vocational expert testimony regarding the effect of all of Plaintiffs exertional and non-exertional limitations on his ability to perform other work in the national economy in accordance with case law and with SSR 96-9P and 85-15 and if necessary, resolve any conflicts in the vocational expert's testimony; and (3) consider the Veteran Administration's determination of disability and state the weight accorded this determination or the reasons for rejecting it. R. 328-29.

A second hearing was held on August 20, 2007 (R. 363-86) before Administrative Law Judge Philemina M. Jones ("ALJ Jones"), who issued a decision on February 7, 2008, finding that Plaintiff was not disabled on or before the expiration of his insured status on June 30, 2006. R. 312-20. Plaintiff's request for review (R. 307-08) was denied by the Appeals Council on September 21, 2010. R. 251-53. Plaintiff filed this action for judicial review on November 26, 2010. Doc. 1.

    **B.**    **Medical History and Findings Summary**

---

[1]The case was previously assigned to United States Magistrate Judge Gary R. Jones of the Ocala Division. Plaintiff has relocated and now resides in Deltona (*see* Doc. 1) within the Orlando Division of the Court.

Plaintiff was fifty years old when his insured status expired on June 30, 2006. He has a twelfth grade education and has past work experience as a chef. R. 52, 56, 72, 77.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of heart disease, herniated discs in the lower back, degenerative disc disease and carpal tunnel syndrome. R. 56, 71. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from lumbar sprain and right carpal tunnel syndrome, which were "severe" medically determinable impairments but were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 315. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work except for limitations to occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; he could never climb ladders, ropes or scaffolds; and needed to avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation and hazards. R. 317. In making this determination, the ALJ found that Plaintiff's allegations regarding his limitations were not totally credible. R. 318-19. Considering Plaintiff's vocational profile and RFC, as well as the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff could perform past relevant work as a chef, as defined in the Dictionary of Occupational Titles. R. 319. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through June 30, 2006, his date last insured. R. 320.

Plaintiff now asserts three main points of error. First, he argues that the ALJ erred by finding that his coronary artery disease was not severe. Second, he claims the ALJ erred by finding he had the RFC to perform his past relevant work contrary to the Veterans Administration rating finding him 100% disabled. Lastly, Plaintiff contends the ALJ erred by improperly applying the pain standard and in evaluating his credibility.

Because ALJ Jones failed to adequately address Plaintiff's 100% disability rating from the VA (which is to be accorded great weight), in spite of a previous remand from the Court to do so, the decision of the Commissioner is **REVERSED** and **REMANDED**.

## II.     STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments

which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent his from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent his from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

## III.  ISSUES AND ANALYSIS

ALJ Jones did not apply the correct burden of proof in assessing Plaintiff's disability. When considering a case where benefits were previously awarded for a "closed period of disability" and a cessation of benefits naturally follows from the ending of the closed period, the burden is on *the Commissioner* to prove that the claimant was no longer disabled as of the cessation date because the Plaintiff had experienced "medical improvement." *See, e.g., Pickett v. Bowen,* 833 F.2d 288, 292 (11th Cir. 1987) ("Consequently, we discern from the broad remedial policies underlying the Disability Amendments that Congress intended to reach 'closed period' claimants."); *Waters v. Barnhart*, 276 F.3d 716 (5th Cir. 2002) (in disability benefits cases involving a "closed period of disability," the "medical improvement standard" places burden on government to prove, in all relevant respects, that the claimant is no longer disabled as of cessation date). In a "closed period" case, "the decision-maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision. Typically, bot the disability decision and the cessation decision are rendered in the same document." *Pickett*, 833 F.2d at 289 n. 1. "In closed period cases, the ALJ engages in the same decision-making process as in termination cases, that is, deciding whether (or, more aptly, when) the payments of benefits should be terminated." *Waters*, 276 F.3d at 718; *Pickett*, 833 F.2d at 289 n. 1 ("The findings of disability and eligibility, and

the findings of cessation of disability and termination occur in the same document."). Thus, the Eleventh Circuit has concluded that "closed period" claimants are entitled to a redetermination under the "medical improvement" standard and benefits pending redetermination. *Pickett*, 833 F.2d at 291.

In this case, the Commissioner erroneously argues that Plaintiff was previously awarded a closed period of disability which ended in May 2001 and "the issue of Plaintiff's disability prior to May 2001 is not relevant to his current claim." Doc. 21 at 9. The SSA records (R. 342) demonstrate – and ALJ Jones acknowledges (R. 313) – that Plaintiff's benefits ceased in May 2001 when Plaintiff's "closed period of benefits" ceased and he stopped receiving benefits. Notes in the SSA Disability Insured Benefits Status Report indicate that Plaintiff's alleged onset date preceded the "cessation date" and the staff at the SSA used "the following month as [alleged onset date]." R. 342.

Applying the cessation of disability standard, ALJ Jones should have used the "medical improvement standard" which places the burden on the Commissioner, not the claimant. *See Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir. 1982) (in disability benefits cases involving cessation of a disability, "medical improvement standard" places burden on government to prove, in all relevant respects, that the claimant is no longer disabled as of cessation date), *superseded by statute on other grounds as stated in Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1214 (11th Cir. 1991), *cited with approval in Pickett,* 833 F.2d at 289; *Huie v. Bowen,* 788 F.2d 698 (11th Cir. 1986) (benefits could not be terminated until medical improvement was shown). However, the ALJ applied the standard she described as "*the claimant must establish* disability on or before that date [June 30, 2006] in order to be entitled to a period of disability and disability insurance benefits." R. 313 (emphasis added). This was clear error, and as such ALJ Jones' decision was not based on substantial evidence.

### A.  VA rating

Plaintiff claims that the ALJ should not have found him able to perform his past relevant work when the VA assessed him with a 100% disability rating. The Commissioner argues ALJ Jones

properly considered the VA disability rating as part of the evidence she considered as a whole in making the RFC determination. (R. 319).

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his impairments.  20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997).  The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof.  *Id.*  Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  *See Lewis*, 125 F.3d at 1440; *Edwards*, 937 F.2d at 583; 20 C.F.R. §§ 404.1527(d), 416.927(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

Plaintiff argues that ALJ Jones erred in finding that he could perform his past relevant work in light of the VA's determination that Plaintiff was 100% disabled from a non-service connected disability. R.  243, 361-62, 371. He contends that ALJ Jones did not adequately consider the opinion of the VA but summarily dismissed it.

In discussing Plaintiff's credibility and RFC, ALJ Jones described the VA records submitted as follows:

> After the supplemental hearing the claimant's representative submitted copies of the claimant's DVA rating decision dated October 31, 1997 showing the claimant was entitled to a non-service connected pension (Exhibit B9F/4) and medical reports from Central Florida Physiatrists from March 3, 1997 through January 7, 1999 (Exhibit B9F/5). The representative argues that the claimant's residual functional capacity

> should include the restriction to lie down at will. The undersigned notes that the VA did not cite this as a reason for granting benefits, but did include the restrictions of June 25, 1997 ". . . no repetitive bending or twisting, no lifting over 25 lbs." The restriction cited by the claimant's representative is shown for August 5, 1997 and January 7, 1999 which were not included in the evidence considered by the VA.

R. 319. ALJ Jones did not give great weight to the VA's 100% disability rating of Plaintiff, instead finding:

> [T]he VA determination does not refer to nor is there any indication that the entire record as is currently before the undersigned, including the above referenced CT scans and other radiological evidence, was considered.

R. 319. Plaintiff argues that ALJ Jones' finding is nonsensical because records from the period *after* 1997 could not have been considered by the VA since the determination of 100% disability was made *in* 1997. R. 361-62. Plaintiff contends the VA indicated which evidence was considered in the determination, and his heart condition was a large factor in that determination (R. 361), even though it was ultimately ignored by ALJ Jones who did not even find his coronary artery disease to be a severe impairment.

The Commissioner argues ALJ Jones properly considered the VA disability rating as part of the evidence she considered "as a whole in making the RFC determination." Doc. 21 (citing R. 361). The Commissioner argues that a determination by another governmental agency that a person is disabled is generally not binding on the Commissioner, who must make a disability determination based on Social Security law and not on the rules of another agency. 20 C.F.R. §§ 404.1504, 404.1512(b)(5). However, the Eleventh Circuit cases cited by the Commissioner notably fail to involve VA disability ratings, and even though they concern state agency disability determinations, they actually support Plaintiff's proposition that disability determinations by other agencies are entitled to "great weight." *See* Doc. 21 at 9, citing *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) (holding ALJ erred in not giving great weight to Florida workers compensation agency's findings of temporary total disability); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)

(findings of disability by another agency (Florida State Retirement Division), although not binding on SSA, are entitled to great weight).

Moreover, the third case cited by the Commissioner, *Hogard v. Sullivan*, 733 F.Supp. 1465 (M.D. Fla. 1990), clearly holds that the ALJ must give "great weight" to VA disability ratings, which follows Eleventh Circuit's case law directly on point. *See Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (("Although the V.A.'s disability rating is not binding on the Secretary of Health and Human Services, it is evidence that should be given great weight.") (citing *Olson v. Schweiker*, 663 F.2d 593 (5th Cir. 1981) and *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)); *Kieser v. Barnhart*, 222 F. Supp. 2d 1298, 1303 (M.D. Fla. 2002) (noting that the ALJ's decision failed to indicate whether he accorded any weight to the VA's disability rating).

When an ALJ rejects the VA's findings, the ALJ should state the reasons for doing so in order to allow a reasoned review by the courts. *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) (citing Mem., Soc. Sec. Admin. Office of Hearings and Appeals 3 (Oct. 2, 1992)). In a case where the ALJ rejected a plaintiff's disability rating because the VA disability criteria differ from the Commissioner's, this Court held that the ALJ erred in failing to accord the VA's rating great weight as required by case law, and remand would be warranted for application of the proper legal standard. *Hogard v. Sullivan*, 733 F.Supp. 1465, 1469 (M.D. Fla. 1990) (reversed and remanded for award of benefits on other issues). Here, ALJ Jones dismissed Plaintiff's VA 100% disability rating in a single sentence, stating that the VA did not consider the entire record ALJ Jones had before her. After the hearing, Plaintiff's representative submitted information from the VA reporting that 60% of his disability rating was for myocardial infarction (heart attack) and 40% was for inverterbral disc syndrome. R. 255. ALJ Jones failed to find that Plaintiff's coronary artery disease was a severe impairment, without providing a reasoned basis for disregarding the weight normally given to a VA determination of 60% disability from such disease.

The Supreme Court has said, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits and the Council's review is similarly broad." *Sims v. Apfel,* 530 U.S. 103, 111 (2000) (citation omitted). Where there are references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings. *See Baca v. Department of Health & Human Servs.,* 5 F.3d 476, 479-80 (10th Cir. 1993). Even though the Social Security claimant has the burden of providing medical evidence establishing disability, "the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues;" this duty exists even when the claimant is represented by counsel. *Id.* In *Baca,* the plaintiff had received a 50% disability rating from the VA based upon ear and joint disease, and he made an application to the SSA for disability benefits based upon arthritis and heart disease. *Id.* at 478. The VA had been evaluating the plaintiff for disability for many years before the expiration of his insured status, and although later records were provided, the plaintiff's VA records for the relevant period were not available at the hearing before the ALJ. *Id.* at 480. The appellate court remanded the case, ordering the Commissioner to make every reasonable effort to obtain the VA records and to consider the VA disability rating for the relevant period. *Id.*

The case of *Weers v. Barnhart*, 2002 WL 69512, *2 (D. Kan. Jan. 15, 2002), is similar to the facts of this case. In *Weers*, the only evidence of the plaintiff's VA disability rating before the ALJ was plaintiff's own testimony that he had received a 100% disability rating from the VA and was receiving benefits. *Id.* In the disability decision in *Weers*, the ALJ made no reference to the VA disability rating other than plaintiff's testimony but did not discuss what weight or consideration, if any, he gave to such evidence. *Id.* at *4. The ALJ did not have any of the findings or evaluations upon which the VA based its rating and the only VA records considered by the ALJ were medical treatment records like those of other health care providers that did not provide a disability rating or

disability evaluation. *Id.* at *5. As such, it should have been obvious to the ALJ that the relevant VA records were missing from the record; because the ALJ was aware that the plaintiff claimed a 100% VA disability rating yet failed to obtain the missing VA records, the district court remanded the case for the ALJ to obtain the relevant VA disability records. *Id.* at *6.

In this case, although ALJ Jones was aware that the VA had assigned Plaintiff a 100% disability rating in 1997 and Plaintiff timely provided the applicable VA disability information, ALJ Jones failed to note that 60% of the disability rating was for heart-related ailments. Although the ALJ is required to accord great weight to the VA's disability rating, ALJ Jones dismissed the VA rating (for Plaintiff's lower back problems at least) on the pretense that the VA did not have all of the records that she had, and she gave no weight to the VA's 100% rating for Plaintiff's impairments. Accordingly, the ALJ's decision is not consistent with the requirements of law and is not supported by substantial evidence.

### B.    Coronary artery disease

Plaintiff argues that ALJ Jones erred in failing to consider the claimant's coronary artery disease as a severe impairment. He argues that ALJ Jones failed to even address whether his coronary artery disease was a severe impairment[2]. Plaintiff contends that one of the most problematic issues with ALJ Jones's failure to address his coronary artery disease is that this condition is one of the main reasons the claimant was found to be 100% disabled through the Veteran's Administration. In part of the VA's decision that Plaintiff submitted, the VA was noted:

> Outpatient treatment reports from Mid-Florida Cardiology Specialists dated 7-14-94 to 11-04-96 showed the veteran had a myocardial infarction and was given TPA prior to that. He underwent catheterization showing significant disease of the right coronary artery and received angioplasty of the right coronary artery with stent placement. The veteran also had 30-50% in the mid LAD and an 80% lesion in a second small

---

[2] Plaintiff argued in passing that the ALJ should have found his morbid obesity was also a severe impairment, but devotes no argument to the issue. Although the medical records document obesity, no physician prescribed any restrictions on Plaintiff from it.

-11-

>marginal vessel.  The ramus also had a 30-40% lesion. The left ventricle showed adequate systolic function with mild inferior wall hypokinesis.

R. 361.

At Step 2 of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. By definition, this inquiry is a "threshold" inquiry. It allows only claims based on the most trivial impairments to be rejected. In this Circuit, an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. A claimant need show only that his impairment is not so slight and its effect not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

Plaintiff has had episodes of coronary artery disease and has been treated by the VA for the condition. The VA assessed a 60% disability rating due to Plaintiff's heart condition. R. 255. Additionally, the consultative examiner, Dr. Tindall noted in May 2002 that Plaintiff was status post two myocardial infarctions (in 1994 and 1996) with stenting and angioplasty of the right coronary artery, but he did not currently suffer from any angina or congestive heart failure. R. 85, 157. As of September 1998, he did not have clinical angina, but he did experience fatigue, weakness and dyspnea even with minor effort. R. 158. In July 2002, Plaintiff was admitted to the hospital overnight due to chest pain, and he was informed that he was experiencing angina. R 106. He was again admitted to the hospital complaining of chest pain in July 2005. R. 217. After hospitalization for two days, he was released with a diagnosis of coronary artery disease per a cardiac catheterization, which revealed coronary artery luminal irregularities. R. 217-25.

On remand, the ALJ will fully consider Plaintiff's coronary artery disease, any restrictions from the impairment, and give great weight to the VA's determination of 60% disability rating for Plaintiff's two heart attacks and angioplasty.

### C.    **Pain and credibility**

Plaintiff asserts that the ALJ erred in evaluating his pain due to his knee problems. he also argues that the ALJ erred by finding his medically determinable impairments could not have been reasonably expected to produce the alleged symptoms. R. 319. The Commissioner argues that ALJ Jones articulated adequate reasons for her credibility finding, and substantial evidence supports her findings.

ALJ Jones appropriately referred to the Eleventh Circuit's pain standard for evaluating subjective complaints and cited the applicable regulations and Eleventh Circuit caselaw (R. 317), and in discussing Plaintiff's RFC, stated:

> The undersigned finds that the testimony of the claimant at both hearings, particularly as it related to alleged physical limitations, was inconsistent with the weight of the medical evidence, was not wholly credible and therefore failed to support a finding of disability. Specifically, the undersigned notes that the claimant had full strength in the arms, legs and hands, according to the objective medical evidence. There was no support in the medical evidence of record for the extreme physical limitations to which the claimant testified. Furthermore, it appears that his occasional shortness of breath was attributable to a large extent to cigarette smoking.
>
> As for the opinion evidence, in June and September 2002, non-examining doctors from the State agency assessed the claimant's physical ability to perform work-related activities in light of the medical evidence of record and the report and recommendations of the consultative examiners, and concluded that the claimant could perform a wide range of light work (Exhibits B-2F and 8-3F; Tr. 86-101). The undersigned finds the opinion at Exhibit B-2F to be more consistent with the overall evidence of record for the period at issue and thus gives this opinion the most weight.

R. 319.

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated

-13-

credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ's credibility determination and in turn disability decision is based in part on "evidence showing Plaintiff had full strength in the arms, legs and hands according to the objective medical evidence" and his shortness of breath was "attributable to a large extent to cigarette smoking." R. 319. ALJ Jones fails to cite to any particular *medical record* that Plaintiff's smoking was the cause of his shortness of breath as opposed to coronary artery disease, and the fact is that he was hospitalized twice after 2002 with heart problems even though he had quit smoking by that time. R. 186, 207. In addition, Plaintiff was diagnosed with carpal tunnel syndrome in the right wrist (R. 128) and documented moderate degenerative disease (R. 184, 195), and thus, the characterization of "full strength" in "all" extremities is hyperbole. Moreover, even an individual with full strength in extremities may have limitations on exertion if restricted by heart problems.

On remand, the ALJ will properly assess Plaintiff's credibility taking into account the VA's disability rating, and Plaintiff's limitations based on all of his impairments.

## IV.  CONCLUSION

Accordingly, the Commissioner's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on September 11, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-14-